MORGAN, LEWIS & BOCKIUS LLP
Andrew P. Frederick, SBN 284832
andrew.frederick@morganlewis.com
Nicole L. Antonopoulos, SBN 306882
nicole.antonopoulos@morganlewis.com
1400 Page Mill Road
Palo Alto, CA 94304
Tel:   +1.650.843.4000
Fax:   +1.650.843.4001

Attorneys for Defendant
DELTA AIR LINES, INC.

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMES SMITH, on behalf of himself and others similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>DELTA AIR LINES, INC.; and DOES 1 to 100, inclusive,<br><br>Defendants. | Case No. _____<br><br>[Los Angeles County Sup. Court Case No. 25STCV11805]<br><br>**DEFENDANT DELTA AIR LINES, INC.'S NOTICE OF REMOVAL OF ACTION TO FEDERAL COURT**<br><br>**[28 U.S.C. §§ 1332(d), 1441, 1446, 1453]** |

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SILICON VALLEY

DELTA'S NOTICE OF REMOVAL OF
ACTION TO FEDERAL COURT

# TABLE OF CONTENTS

**Page**

I.  SUMMARY OF COMPLAINT ........................................................................ 1

II.  THE REMOVAL IS TIMELY ........................................................................ 3

III.  DIVERSITY JURISDICTION EXISTS ........................................................ 3

    A.  The Court Has Original Subject Matter Jurisdiction Under CAFA. ........................................................................................................ 3

    B.  Diversity of Citizenship Exists. ........................................................... 6

        1.  Plaintiff Is a Citizen of California. ........................................... 6

        2.  Delta Is a Citizen of Georgia and Delaware. ........................... 7

    C.  There Are More Than 100 Putative Class Members. ........................... 8

    D.  The Amount-in-Controversy Requirement Is Satisfied. ...................... 8

        i.  Plaintiff's Meal Break Claim Places at Least $2,380,000 in Controversy. ........................................................... 11

        ii.  Plaintiff's Rest Break Claim Places at Least $2,380,000 in Controversy. ........................................................... 12

        iii.  Plaintiff's Waiting Time Penalties Claim Places at Least $1,852,200 in Controversy. ........................................ 13

        iv.  Plaintiff's Alleged Attorneys' Fees Place at Least $1,653,050 in Controversy. ........................................ 14

        v.  For CAFA Purposes, the Amount in Controversy Exceeds $5,000,000. ........................................................ 15

IV.  THE OTHER PREREQUISITES FOR REMOVAL HAVE BEEN SATISFIED. ................................................................................................. 16

V.  CONCLUSION .......................................................................................... 17

1

2

## <u>TABLE OF AUTHORITIES</u>

3

**Page(s)**

4

**Cases**

5

*Arias v. Residence Inn by Marriott*,

6

936 F.3d 920 (9th Cir. 2019) ................................................................................ 9

7

*Armstrong v. Church of Scientology Int'l*,

8

243 F.3d 546 (9th Cir. 2000) ................................................................................ 6

9

*Banta v. Am. Med. Response Inc.*,

10

No. CV 11-03586 GAF RZX, 2011 WL 2837642 (C.D. Cal. July 15, 2011) ........................................................................................................ 11

11

*Boon v. Allstate Ins. Co.*,

12

229 F. Supp. 2d 1016 (C.D. Cal. 2002) ................................................................ 6

13

*Campbell v. Vitran Exp., Inc.*,

14

471 F. App'x 646 (9th Cir. 2012) ................................................................... 9, 10

15

*Chavez v. JPMorgan Chase & Co.*,

16

888 F.3d 413 (9th Cir. 2018) .............................................................................. 14

17

*Dart Cherokee Basin Operating Co., LLC v. Owens*,

18

135 S.Ct. 547 (2014) ........................................................................ 8, 9, 10, 15

19

*Ehrman v. Cox Commc'ns, Inc.*,

932 F.3d 1223 (9th Cir. 2019) .............................................................................. 6

20

*Fritsch v. Swift Transportation Co. of Arizona, LLC*,

21

899 F.3d 785 (9th Cir. 2018) .............................................................................. 14

22

*Gonzales v. CarMax Auto Superstores, LLC*,

23

840 F.3d 644 (9th Cir. 2016) .............................................................................. 14

24

*Greene v. Harley-Davidson, Inc.*,

25

965 F.3d 767 (9th Cir. 2020) .............................................................................. 15

26

*Hertz Corp. v. Friend*,

27

559 U.S. 77 (2010) ............................................................................................... 7

28

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SILICON VALLEY

DELTA'S NOTICE OF REMOVAL OF
ACTION TO FEDERAL COURT

1

**TABLE OF AUTHORITIES**
(continued)

2

**Page(s)**

3

*James Smith v. Delta Air Lines, Inc.*,

4
   Case No. 25STCV11805 ................................................................................. 1, 2

5

*Jauregui v. Roadrunner Transp. Servs., Inc.*,

6
   28 F.4th 989 (9th Cir. 2022).................................................................................. 9

7

*Kanter v. Warner-Lambert Co.*,

8
   265 F.3d 853 (9th Cir. 2001)................................................................................. 6

9

*Kenneth Rothschild Trust v. Morgan Stanley Dean Witter*,
   199 F. Supp. 2d 993 (C.D. Cal. 2002)................................................................. 9

10

*Korn v. Polo Ralph Lauren Corp.*,

11
   536 F. Supp. 2d 1199 (E.D. Cal. 2008).............................................................. 10

12

*LaCross v. Knight Transportation Inc.*,

13
   775 F.3d 1200 (9th Cir. 2015)............................................................................... 9

14

*Lew v. Moss*,

15
   797 F.2d 747 (9th Cir. 1986)................................................................................. 6

16

*Lewis v. Verizon Communications Inc.*,

17
   2010 WL 4645465 (9th Cir. 2010)...................................................................... 11

18

*Newcombe v. Adolf Coors Co.*,

19
   157 F.3d 686 (9th Cir. 1998)................................................................................. 8

20

*Perez v. Rose Hills Co.*,
   131 F.4th 804 (9th Cir. 2025)................................................................................ 9

21

*In re Quintus Sec. Litig.*,

22
   148 F. Supp. 2d 967 (N.D. Cal. 2001)................................................................ 15

23

*Rhoades v. Progressive Casualty Ins., Co.*,

24
   410 F. App'x 10 (9th Cir. 2010).......................................................................... 10

25

*Rodriguez v. Cleansource, Inc.*,

26
   2014 WL 3818304 (S.D. Cal. Aug. 4, 2014)...................................................... 15

27

*State Farm Mut. Auto. Ins. Co. v. Dyer*,

28
   19 F.3d 514 (10th Cir. 1994)................................................................................. 6

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

iii

DELTA'S NOTICE OF REMOVAL OF
ACTION TO FEDERAL COURT

**TABLE OF AUTHORITIES**
(continued)

**Page(s)**

*United Steel, Paper & Forestry, Rubber, Mfg., Energy, Allied Indus. &*
*Serv. Workers Int'l Union, AFL-CIO, CLC v. Shell Oil Co.*,
602 F.3d 1087 (9th Cir. 2010)................................................................................ 6

*Washington v. Hovensa LLC*,
652 F.3d 340 (3rd Cir. 2011)................................................................................ 6

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

iv

DELTA'S NOTICE OF REMOVAL OF
ACTION TO FEDERAL COURT

1  TO THE UNITED STATES DISTRICT COURT FOR THE CENTRAL
2  DISTRICT OF CALIFORNIA, AND TO PLAINTIFF AND HIS ATTORNEYS
3  OF RECORD:

4       **PLEASE TAKE NOTICE THAT** pursuant to 28 U.S.C. §§ 1332(d), 1441,
5  1446, and 1453, Defendant Delta Air Lines, Inc. ("Defendant" or "Delta") hereby
6  removes the above-entitled action from the Superior Court of the State of California,
7  County of Los Angeles, to the United States District Court for the Central District of
8  California.  This Court has original subject matter jurisdiction under the Class Action
9  Fairness Act of 2005 ("CAFA"), 28 U.S.C. §§ 1332(d) and 1453, because minimum
10 diversity exists and the amount in controversy exceeds $5,000,000, exclusive of
11 interest and costs.  In support of this removal, Delta states the following:

12 **I.    SUMMARY OF COMPLAINT**

13      1.    On April 22, 2025, Plaintiff James Smith ("Plaintiff") filed an
14 unverified class action complaint in the Superior Court of the State of California,
15 County of Los Angeles, entitled *James Smith v. Delta Air Lines, Inc.*, Case No.
16 25STCV11805 (the "Superior Court action").  The Complaint alleges eight causes
17 of action, as follows: (1) failure to pay wages for all hours worked at the minimum
18 wage in violation of Cal. Lab. Code §§ 1197 and 1197; (2) failure to pay overtime
19 wages for daily overtime worked and/or failure to pay overtime at the proper
20 overtime rate of pay in violation of Cal. Lab. Code §§ 510 and 1194; (3) failure to
21 authorize or permit meal periods in violation of Cal. Lab. Code §§ 512 and 226.7;
22 (4) failure to authorize or permit rest periods in violation of Cal. Lab. Code § 226.7;
23 (5) failure to pay wages for accrued paid sick days at the regular rate of pay in
24 violation of Cal. Lab. Code § 246; (6) failure to timely pay earned wages and final
25 paychecks due at the time of separation of employment in violation of Cal. Lab.
26 Code §§ 201-203; and (7) unfair business practices in violation of Bus. & Prof. Code
27 § 17200, *et seq*.

28      2.    Plaintiff filed his Complaint after the effective date of the Class Action

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SILICON VALLEY

DELTA'S NOTICE OF REMOVAL OF
ACTION TO FEDERAL COURT

Fairness Act of 2005 ("CAFA"), Pub. L. No. 109-2 (enacted Feb. 18, 2005), codified at 28 U.S.C. §§ 1332(d), 1453 and 1711-1715.

3.    On April 30, 2025, Plaintiff caused the Summons, Complaint, Civil Cover Sheet, Civil Case Cover Sheet Addendum and Statement of Location, Plaintiff's Peremptory Challenge Pursuant to Cal. Code of Cov. Procedure Cal. Lab. Code § 170.6 and the Declaration of Matthew J. Gustin in support of the same, First Amended General Order, Order Pursuant to CCP 1054(a), Notice of Case Assignment, Instructions for Handling Unlimited Civil Cases, Voluntary Efficient Litigation Stipulations, and Alternative Dispute Resolution Information Package, to be served on Delta's process server by personal service.  A true and correct copy of the Complaint that Plaintiff served on Delta is attached as **Exhibit 1** and incorporated by reference.  A true and correct copy of the Summons and other case initiating documents that Plaintiff also served on Delta is attached as **Exhibit 2** and incorporated by reference.

4.    On April 29, 2025 and May 1, 2025, the Los Angeles County Superior Court clerk filed minute orders and certificates of mailing for the court orders regarding Plaintiff's peremptory challenge and case reassignment.  True and correct copy of the minute orders and certificates of mailing are attached as **Exhibit 3** and incorporated by reference.

5.    On May 14, 2025, the Los Angeles County Superior Court clerk filed an Initial Status Conference Order and a certificate of mailing for the court order.  A true and correct copy of the minute order and certificate of mailing is attached as **Exhibit 4** and incorporated by reference.

6.    On May 30, 2025, Delta caused its Answer to the Complaint to be filed and served.  A true and correct copy of Delta's Answer is attached as **Exhibit 5** and incorporated by reference.

7.    **Exhibits 1-5** constitute all the pleadings, process and orders served upon or by Delta, or filed, in the Superior Court action.

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SILICON VALLEY

2

DELTA'S NOTICE OF REMOVAL OF
ACTION TO FEDERAL COURT

## II.   THE REMOVAL IS TIMELY

8.     This Notice of Removal is timely in that 28 U.S.C. § 1446(b) requires that a notice of removal in a civil action must be filed within thirty (30) days after service of the summons and complaint.  28 U.S.C. § 1446(b).  Plaintiff served Delta with the Summons and Complaint on April 30, 2025.  Thirty (30) days from April 30, 2025 is May 30, 2025.  Because this Removal is filed on or by May 30, 2025, it is timely.

9.     No previous Notice of Removal has been filed or made with this Court for the relief sought.

## III.  DIVERSITY JURISDICTION EXISTS

### A.   The Court Has Original Subject Matter Jurisdiction Under CAFA.

10.    This lawsuit is a civil action within the meaning of the Acts of Congress relating to removal of class actions.  *See* 28 U.S.C. § 1453.

11.    Plaintiff brings this action as a purported class action under Cal. Code Civ. Proc. § 382.  *See* Compl., ¶¶ 45, Prayer for Relief, ¶ 1.  Specifically, Plaintiff brings his claims on behalf of the following classes, which he collectively refers to as the "California Class" (*Id.,* ¶ 45, subsection J):

> **Minimum Wage Class**: All current and former hourly non-exempt employees employed by Defendants as direct employees as well as temporary employees employed through temp agencies in California at any time from four (4) years prior to the filing of the initial Complaint in this matter through the date notice is mailed to a certified class who were not paid at least minimum wage for all time they were subject to Defendants' control.

> **Overtime Class**: All current and former hourly non-exempt employees employed by Defendants as direct employees as well as temporary employees employed through temp agencies in California at any time from four (4) years prior to the filing of the initial Complaint in this matter through the date notice is mailed to a certified class who worked more than eight (8) hours in a workday, forty (40) hours in a workweek, and/or seven (7) days in a workweek, to whom Defendants did not pay overtime wages.

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SILICON VALLEY

3                              DELTA'S NOTICE OF REMOVAL OF
                               ACTION TO FEDERAL COURT

**Regular Rate Class**: All current and former hourly non-exempt employees employed by Defendants as direct employees as well as temporary employees employed through temp agencies in California at any time from four (4) years prior to the filing of the initial Complaint in this matter through the date notice is mailed to a certified class who worked more than eight (8) hours in a workday, more than forty (40) hours in a workweek, and/or seven (7) days in a workweek, who received additional remuneration during pay periods in which they were paid overtime wages, and whose compensation did not include such additional remuneration when Defendants calculated those employees' overtimes wages.

**Meal Period Class**: All current and former hourly non-exempt employees employed by Defendants as direct employees as well as temporary employees employed through temp agencies in California at any time from four (4) years prior to the filing of the initial Complaint in this matter through the date notice is mailed to a certified class who worked shifts more than five (5) hours yet Defendants failed to authorize or permit all required duty-free meal periods of not less than thirty (30) minutes.

**Meal Period Premium Wages Class**: All current and former hourly non-exempt employees employed by Defendants as direct employees as well as temporary employees employed through temp agencies in California at any time from four (4) years prior to the filing of the initial Complaint in this matter through the date notice is mailed to a certified class who received additional remuneration during, pay periods in which they were paid meal period premium wages and whose regular rate of pay did not include such additional remuneration when Defendants calculated those employees' meal period premium wages.

**Rest Period Class**: All current and former hourly non-exempt employees employed by Defendants as direct employees as well as temporary employees employed through temp agencies in California at any time from four (4) years prior to the filing of the initial Complaint in this matter through the date notice is mailed to a certified class who worked shifts of at least three-and-a-half (3.5) hours who did not receive all required duty-free rest periods of a net ten (10) minutes for every four (4) hours worked or major fraction thereof.

**Rest Period Premium Wages Class**: All current and former hourly non-exempt employees employed by Defendants as direct employees

as well as temporary employees employed through temp agencies in California at any time from four (4) years prior to the filing of the initial Complaint in this matter through the date notice is mailed to a certified class who received additional remuneration during pay periods in which they were paid rest period premium wages and whose regular rate of pay did not include such additional remuneration when Defendants calculated those employees' rest period premium wages.

**Sick Time Pay Class**: All current and former hourly non-exempt employees employed by Defendants in California at any time from four (4) years prior to the filing of the initial Complaint in this action through the date notice is mailed to a certified class who were employed by Defendants for 30 days or more, but who failed to accrue paid sick day days at the rate of no-less-than one (1) hour per every thirty (30) hours worked, beginning at the commencement of employments.

**Waiting Time Class**: All current and former hourly non-exempt employees employed by Defendants as direct employees as well as temporary employees employed through temp agencies in California at any time from three (3) years prior to the filing of the initial Complaint in this action through the date notice is mailed to a certified class who did not receive payment of all unpaid wages upon separation of employment within the statutory time period.

(Compl., ¶ 45).

12.　As such, this matter is a purported "class action" as defined in the CAFA, 28 U.S.C. § 1332(d)(1)(B) and 28 U.S.C. § 1453.

13.　This Court has original subject matter jurisdiction based on diversity of citizenship under CAFA because this matter was brought as a class action, diversity of citizenship exists between one or more members of the purported class and Delta, the number of proposed class members is 100 or greater, and the amount placed in controversy by Plaintiff's Complaint exceeds, in the aggregate, $5,000,000, exclusive of interest and costs.  28 U.S.C. §§ 1332(d)(2), 1453.[1]  Removal is

---

[1] Delta does not concede and reserves the right to contest at the appropriate time Plaintiff's allegations that this action can properly proceed as a class action.  Delta further does not concede that any of Plaintiff's allegations constitute a cause of action under applicable California law.

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SILICON VALLEY

5

DELTA'S NOTICE OF REMOVAL OF
ACTION TO FEDERAL COURT

1    therefore proper pursuant to 28 U.S.C. §§ 1441, 1446 and 1453.

2    **B.    Diversity of Citizenship Exists.**

3        14.    In order to satisfy CAFA's diversity requirement, a party seeking

4    removal need only plead that minimal diversity exists, such that one putative class

5    member is a citizen of a state different from that of one defendant.  28 U.S.C.

6    § 1332(d)(2); *United Steel, Paper & Forestry, Rubber, Mfg., Energy, Allied Indus.*

7    *& Serv. Workers Int'l Union, AFL-CIO, CLC v. Shell Oil Co.*, 602 F.3d 1087, 1090-

8    91 (9th Cir. 2010) (finding that to achieve its purposes, CAFA provides expanded

9    original diversity jurisdiction for class actions meeting the minimal diversity

10   requirement set forth in 28 U.S.C. § 1332(d)(2)).

11       **1.    Plaintiff Is a Citizen of California**.

12       15.    "An individual is a citizen of the state in which he is domiciled . . ."

13   *Boon v. Allstate Ins. Co.*, 229 F. Supp. 2d 1016, 1019 (C.D. Cal. 2002) (citing *Kanter*

14   *v. Warner-Lambert Co.*, 265 F.3d 853, 857 (9th Cir. 2001)).  For purposes of

15   diversity of citizenship jurisdiction, citizenship is determined by the individual's

16   domicile at the time that the lawsuit is filed.  *Armstrong v. Church of Scientology*

17   *Int'l*, 243 F.3d 546, 546 (9th Cir. 2000) (citing *Lew v. Moss*, 797 F.2d 747, 750 (9th

18   Cir. 1986)).  Continuing residence creates a presumption of domicile.  *Washington*

19   *v. Hovensa LLC*, 652 F.3d 340, 345 (3rd Cir. 2011); *State Farm Mut. Auto. Ins. Co.*

20   *v. Dyer*, 19 F.3d 514, 519 (10th Cir. 1994).

21       16.    Here, Plaintiff alleges he "is and was a resident of California and was

22   employed by Defendants in the State of California within the four (4) years prior to

23   the filing of this Complaint."  Compl., ¶ 3.  Plaintiff does not allege that he was a

24   citizen of any state other than California and there is no indication that Plaintiff is or

25   was a citizen of states other than California at any time relevant to the Complaint.

26   Accordingly, on information and belief, Delta alleges that Plaintiff is, and was at the

27   time of filing of the Complaint, a citizen of California for diversity jurisdiction

28   purposes.  *See, e.g.*, *Ehrman v. Cox Commc'ns, Inc.*, 932 F.3d 1223, 1227 (9th Cir.

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SILICON VALLEY

6                    DELTA'S NOTICE OF REMOVAL OF
                     ACTION TO FEDERAL COURT

2019) ("A party's allegation of minimal diversity may be based on 'information and belief.'").

### 2.    Delta Is a Citizen of Georgia and Delaware.

17.    For diversity purposes, "a corporation shall be deemed to be a citizen of any State by which it has been incorporated and of the State where it has its principal place of business." 28 U.S.C. § 1332(c)(1). Delta is, and at all pertinent times was, a corporation organized and existing under and by virtue of the laws of the State of Delaware.

18.    Currently and prior to and since the commencement of this action, Delta's corporate headquarters and principal place of business are and have been in Atlanta, Georgia. *See generally Hertz Corp. v. Friend*, 559 U.S. 77, 92-93 (2010) ("We conclude that 'principal place of business' is best read as referring to the place where a corporation's officers direct, control, and coordinate the corporation's activities," and "in practice[,] it should normally be the place where the corporation maintains its headquarters—provided that the headquarters is the actual center of direction, control, and coordination, i.e., the 'nerve center.'"). The majority of Delta's executive functions take place in Atlanta, Georgia. The greater part of Delta's administrative functions (including payroll, legal, and human resources) are in Atlanta, Georgia. Delta's officers direct, control, and coordinate the corporation's activities in Atlanta, Georgia. Accordingly, Delta is a citizen of Delaware and Georgia for the purposes of determining diversity. 28 U.S.C. § 1332(c)(1).

19.    Delta is not and, since the commencement of this action, has not been incorporated in California and has not had its headquarters or executive offices based in California.

20.    Based on the Complaint, therefore, at least one member of the putative class is a citizen of a state different from that of the Defendant, as the named Plaintiff is a citizen of California, while Delta is a citizen of Delaware and Georgia. *See* 28 U.S.C. § 1332(d)(2)(A) (requiring only "minimal diversity" under which "any

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SILICON VALLEY

7

DELTA'S NOTICE OF REMOVAL OF
ACTION TO FEDERAL COURT

1    member of a class of plaintiffs is a citizen of a State different from any defendant").

2    Thus, minimal diversity exists.

3        21.    Although Plaintiff has listed 100 fictitiously-named "Doe" defendants,

4    the citizenship of these "Doe" defendants is disregarded for purposes of removal.

5    28 U.S.C. § 1441(b)(1) (for purposes of removal, "the citizenship of defendants sued

6    under fictitious names shall be disregarded"); *Newcombe v. Adolf Coors Co*., 157

7    F.3d 686, 690-91 (9th Cir. 1998) (same).

8        ## C.    There Are More Than 100 Putative Class Members.

9        22.    CAFA's requirement that proposed class membership be no less than

10   100 (28 U.S.C. § 1332(d)(5)) is satisfied here because the putative class has more

11   than 100 members. By way of example, in his "Waiting Time Class", Plaintiff seeks

12   to represent "[a]ll current and former hourly non-exempt employees employed by

13   Defendants as direct employees as well as temporary employees employed through

14   temp agencies in California at any time from three (3) years prior to the filing of the

15   initial Complaint in this action through the date notice is mailed to a certified class

16   who did not receive payment of all unpaid wages upon separation of employment

17   within the statutory time period." Compl., ¶ 45. Based on records available to Delta,

18   Delta is informed and believes that it has employed at least 630 individuals in hourly

19   non-exempt positions in California whose employment ended (either voluntarily or

20   involuntarily) since April 22, 2022. Thus, the putative class contains more than 100

21   members.

22       ## D.    The Amount-in-Controversy Requirement Is Satisfied.

23       23.    Pursuant to CAFA, the claims of the individual members in a class

24   action are aggregated to determine if the amount in controversy exceeds the sum or

25   value of $5,000,000, exclusive of interest and costs. *See* 28 U.S.C. § 1332(d)(6). A

26   removing defendant "must file in the federal forum a notice of removal 'containing

27   a short and plain statement of the grounds for removal.'" *Dart Cherokee Basin*

28   *Operating Co., LLC v. Owens*, 135 S.Ct. 547, 551 (2014).

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SILICON VALLEY

8                    DELTA'S NOTICE OF REMOVAL OF
                     ACTION TO FEDERAL COURT

24. The "defendant's notice of removal need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold." *Dart*, 135 S.Ct. at 554. "[D]efendants do not need to prove to a legal certainty that the amount in controversy requirement has been met. Rather, defendants may simply allege or assert that the jurisdictional threshold has been met." *Id.,* quoting H.R.Rep. No. 112–10, p. 16 (2011); *Arias v. Residence Inn by Marriott*, 936 F.3d 920, 922 (9th Cir. 2019) ("removing defendant's notice of removal need not contain evidentiary submissions but only plausible allegations of the jurisdictional elements." (internal citations omitted); *Jauregui v. Roadrunner Transp. Servs., Inc.*, 28 F.4th 989, 993 (9th Cir. 2022) (reversing district court's order remanding the action to state court due to an "inappropriate demand of certitude from [the defendant] over its assumptions used in calculating the amount in controversy" for purposes of CAFA removal).

25. In assessing the amount in controversy, a court must "assume that the allegations of the complaint are true and assume that a jury will return a verdict for the plaintiff on all claims made in the complaint." *Campbell v. Vitran Exp., Inc.*, 471 F. App'x 646, 648 (9th Cir. 2012) (citing *Kenneth Rothschild Trust v. Morgan Stanley Dean Witter,* 199 F. Supp. 2d 993, 1001 (C.D. Cal. 2002)); *LaCross v. Knight Transportation Inc.*, 775 F.3d 1200, 1202 (9th Cir. 2015) (citation omitted) (explaining that courts are directed "to first look to the complaint in determining the amount in controversy"); *see also Jauregui,* 28 F.4th at 993 ("At that stage of the litigation, the defendant is being asked to use the plaintiff's complaint—much of which it presumably disagrees with—to estimate an amount in controversy. This is also at a stage of the litigation before any of the disputes over key facts have been resolved."); *Perez v. Rose Hills Co.*, 131 F.4th 804, 808 (9th Cir. 2025) (explaining the plaintiff could have used language in the complaint, but did not, to constrain the range of reasonable assumptions that could be drawn by the removing defendant).

26. The Senate Judiciary Committee's Report on the final version of CAFA

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SILICON VALLEY

9

DELTA'S NOTICE OF REMOVAL OF
ACTION TO FEDERAL COURT

makes clear that any doubts regarding the applicability of CAFA should be resolved in favor of federal jurisdiction. Sen. Rep. No. 109-14, p. 42 (2005) ("If a federal court is uncertain about whether 'all matters in controversy' in a purported class action do not in the aggregate exceed the sum or value of $5,000,000, the court should err in favor of exercising jurisdiction over the case."). Moreover, the United States Supreme Court has advised that "no antiremoval presumption attends cases invoking CAFA" because Congress intended to "facilitate adjudication of certain class actions in federal court." *Dart Cherokee*, 574 U.S. at 87; *see also Korn v. Polo Ralph Lauren Corp.*, 536 F. Supp. 2d 1199, 1205 (E.D. Cal. 2008) (the burden to establish the jurisdictional amount under CAFA "is not 'daunting,' as courts recognize that under this standard, a removing defendant is not obligated to 'research, state and prove the plaintiff's claims for damages.'" (citations omitted). In *Vitran,* the court held that it was proper for a defendant in a putative wage and hour class action to establish the amount in controversy requirement for purposes of CAFA by assuming a minimum number of meal and rest period violations per class member per pay period. 471 Fed. App'x at 648. Noting that the plaintiffs alleged that their claims were "typical" of the other putative class members, the Court also found it proper to multiply the plaintiffs' claimed damages by the number of putative class members in order to meet the amount in controversy requirement. *Id.* at 649.

27.     While Delta denies Plaintiff's factual allegations and denies that he or the putative class he purports to represent are entitled to any of the relief Plaintiff has requested in the Complaint, it is clear that, when the maximum potential value of the claims of Plaintiff and the putative class members are aggregated, the allegations within Plaintiff's Complaint put into controversy an amount in excess of $5,000,000.[2] *Rhoades v. Progressive Casualty Ins., Co.*, 410 F. App'x 10, 11 (9th

---

[2] This Notice of Removal discusses the nature and amount of damages placed at issue by Plaintiff's Complaint. Delta's references to specific damage amounts and its citation to comparable cases are provided solely for the purpose of establishing that the amount in controversy is more likely than not in excess of the jurisdictional

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SILICON VALLEY

10                    DELTA'S NOTICE OF REMOVAL OF
                      ACTION TO FEDERAL COURT

1   Cir. 2010) ("'Once the proponent of federal jurisdiction has explained plausibly how

2   the stakes exceed $5 million, . . . then the case belongs in federal court unless it is

3   legally impossible for the plaintiff to recover that much.'") (quoting *Lewis v. Verizon*

4   *Communications Inc.*, 2010 WL 4645465, 4 (9th Cir. 2010)).

5         28.    The fact that a complaint fails to specify the total amount of damages

6   in a dollar amount does not deprive this Court of jurisdiction. *Banta v. Am. Med.*

7   *Response Inc*., No. CV 11-03586 GAF RZX, 2011 WL 2837642, at *1 (C.D. Cal.

8   July 15, 2011) ("Case law recognizes that, even where a pleading is indefinite on its

9   face, a defendant may possess sufficient information allowing it to ascertain that the

10  amount in controversy exceeds the jurisdiction minimum, may remove the action to

11  federal court on that basis, and, if challenged, may present evidence to prove up the

12  existence of removal jurisdiction.").

### i. Plaintiff's Meal Break Claim Places at Least $2,380,000 in Controversy.

13
14

15        29.    The Complaint alleges that "Plaintiff and the Meal Period Class worked

16  shifts long enough to entitle them to meal periods under California law."  Compl., ¶

17  71.  The Complaint further alleges that "Defendants employed policies, practices,

18  and/or procedures that resulted in their failure to authorize or permit meal periods to

19  Plaintiff and the Meal Period Class of no less than thirty (30) minutes for each five-

20  hour period of work as required by law" (*id.*); and that "Defendants failed to pay

21  Plaintiff and the Meal Period Class one (1) hour of pay at their regular rate of pay

22  for each workday they did not receive all legally required and legally compliant meal

23  periods" (*id.,* 72).

24        30.    With regard to his Meal Period Class, Plaintiff seeks to represent "[a]ll

25  minimum.  Delta maintains that each of Plaintiff's claims is without merit and that
    Delta is not liable to Plaintiff or any putative class member.  In addition, Delta denies
26  that liability or damages can be established on a class-wide basis.  Delta specifically
    denies that Plaintiff or the putative class have suffered any damages as a result of any
27  act or omission by Defendant.  No statement or reference contained herein shall
    constitute an admission of liability or a suggestion that Plaintiff will or could actually
28  recover any damages based upon the allegations contained in the Complaint or
    otherwise.

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SILICON VALLEY

11

DELTA'S NOTICE OF REMOVAL OF
ACTION TO FEDERAL COURT

current and former hourly non-exempt employees employed by Defendants as direct employees as well as temporary employees employed through temp agencies in California at any time from four (4) years prior to the filing of the initial Complaint in this matter through the date notice is mailed to a certified class who worked shifts more than five (5) hours yet Defendants failed to authorize or permit all required duty-free meal periods of not less than thirty (30) minutes." Compl., ¶ 45.

31.     Delta estimates that its hourly employees in California worked at least 1,700,000 shifts lasting more than five (5) hours since April 22, 2021.  Based on the allegations in Plaintiff's Complaint, Delta assumes that Plaintiff has put into controversy a meal period violation for every one out of ten shifts lasting longer than over five (5) hours.  As such, the potential amount in controversy for allegedly failing to provide meal breaks to hourly employees in California is at least **$2,380,000** [(1,700,000 shifts x 0.1) x 1 meal period premium x $14.00 (lowest minimum wage in California during the relevant time period) = $2,380,000].

### ii.  Plaintiff's Rest Break Claim Places at Least $2,380,000 in Controversy.

32.     The Complaint alleges that "Plaintiff and the Rest Period Class regularly worked shifts of more than three-and-a-half (3.5) hours."  Compl., ¶ 80.  The Complaint further alleges that "Defendants employed policies, practices, and/or procedures that resulted in their failure to authorize or permit all legally required and compliant rest periods to Plaintiff and the Rest Period Class." (*id.*); and that "Defendants failed to pay Plaintiff and the Rest Period Class one (1) hour of pay at their regular rate of pay for each workday they did not receive all legally required and legally compliant rest periods." (*id.*, ¶ 81).

33.     With regard to his "Rest Period Class," Plaintiff seeks to represent "All current and former hourly non-exempt employees employed by Defendants as direct employees as well as temporary employees employed through temp agencies in California at any time from four (4) years prior to the filing of the initial Complaint

1    in this matter through the date notice is mailed to a certified class who worked shifts

2    of at least three-and-a-half (3.5) hours who did not receive all required duty-free rest

3    periods of a net ten (10) minutes for every four (4) hours worked or major fraction

4    thereof."  Compl. ¶ 45.

5        34.    Delta estimates that its hourly employees in California worked at least

6    1,700,000 shifts lasting 3.5 hours or longer hours since April 22, 2021.  Based on

7    the allegations in Plaintiff's Complaint, Delta assumes that Plaintiff has put into

8    controversy a rest period violation for every one out of ten shifts lasting longer than

9    over five (5) hours.  As such, the potential amount in controversy for allegedly

10   failing to provide rest breaks to hourly employees in California is at least **$2,380,000**

11   [(1,700,000 shifts x 0.1) x 1 rest break premium x $14.00 (lowest minimum wage in

12   California during the relevant time period) = $2,380,000].

### iii.  Plaintiff's Waiting Time Penalties Claim Places at Least $1,852,200 in Controversy.

35.    In his Sixth Cause of Action, Plaintiff alleges that "Defendants failed

to pay Plaintiff and on information and belief, the Waiting Time Class, with all

wages earned and unpaid prior to separation of employment, in accordance with

either Labor Code section 201 or 202."  Compl., ¶ 150.  Plaintiff also alleges both

that "Defendants' failure to pay Plaintiff and the Waiting Time Class with all wages

earned prior to separation of employment timely in accordance with Labor Code

sections 201 and 202 was willful" (*id*., ¶ 151) and "that at all relevant times within

the limitations period applicable to this cause of action, Defendants maintained a

policy or practice of not paying hourly employees all earned wages timely upon

separation of employment" (*id*., ¶ 150).

36.    With regard to his "Waiting Time Period Class," Plaintiff seeks to

represent "[a]ll current and former hourly non-exempt employees employed by

Defendants as direct employees as well as temporary employees employed through

temp agencies in California at any time from three (3) years prior to the filing of the

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SILICON VALLEY

13

initial Complaint in this action through the date notice is mailed to a certified class who did not receive payment of all unpaid wages upon separation of employment within the statutory time period." Compl., ¶ 45.

37.    The statute of limitations for "waiting time" penalties under Labor Code Section 203 is three years.  *See* Labor Code § 203; Cal. Code of Civ. Pro. § 338.

38.    According to Delta's records, at least 630 hourly employees in California have separated from their employment with the Company since April 22, 2022.  At the time of their separation with Delta, the average number of daily work hours was over seven hours.  As such, the amount of waiting time penalties at issue, based on Plaintiff's allegations, is at least **$1,852,200** (630 formerly employed putative class members x $14.00 per hour x 7 hours per day x 30 days).

### iv.  Plaintiff's Alleged Attorneys' Fees Place at Least $1,653,050 in Controversy.

39.    Plaintiff seeks to recover attorneys' fees.  Compl., ¶¶ 1, 54, 67, 156, 160, Prayer for Relief, ¶ 6.

40.    Attorneys' fees are properly included in determining the amount in controversy if the law under which the plaintiff has brought suit allows for their recovery.  *See Fritsch v. Swift Transportation Co. of Arizona, LLC*, 899 F.3d 785, 794 (9th Cir. 2018) ("Because the law entitles [the plaintiff] to an award of attorneys' fees if he is successful, such future attorneys' fees are at stake in the litigation, and must be included in the amount in controversy."); *Chavez v. JPMorgan Chase & Co.*, 888 F.3d 413, 416 (9th Cir. 2018) (quoting *Gonzales v. CarMax Auto Superstores, LLC*, 840 F.3d 644, 648-49 (9th Cir. 2016)) ("The amount in controversy may include 'damages (compensatory, punitive, or otherwise) and the cost of complying with an injunction, as well as attorneys' fees awarded under fee shifting statutes.'").

41.    "A defendant does 'not need to prove to a legal certainty' that a plaintiff

will be awarded the proffered attorneys' fees in the removal notice." *Greene v. Harley-Davidson, Inc.*, 965 F.3d 767, 774 n.4 (9th Cir. 2020) (quoting *Dart Cherokee*, 574 U.S. at 88). Instead, for purposes of class actions, attorneys' fees may be calculated by assuming 25 percent of the potential damages on claims for which attorneys' fees are available. *In re Quintus Sec. Litig.*, 148 F. Supp. 2d 967, 973 (N.D. Cal. 2001) (benchmark for attorneys' fees is 25% of the common fund); *Rodriguez v. Cleansource, Inc.*, 2014 WL 3818304, at *4 (S.D. Cal. Aug. 4, 2014) ("[T]he Court finds that using [the 25%] benchmark is the most appropriate way to calculate attorneys' fees in order to establish the amount in controversy for jurisdictional purposes.").

42.    Here, the amount in controversy for Plaintiff's meal and rest period claims and waiting time penalties claim is at least **$6,612,200**. Therefore, the amount in controversy for attorneys' fees is **$1,653,050** ($6,612,200 x 0.25).

### v. For CAFA Purposes, the Amount in Controversy Exceeds $5,000,000.

43.    As demonstrated above, the alleged damages on Plaintiff's meal period, rest period, and waiting time penalties claims total at least **$8,265,250.** Based on the calculations outlined above, the total amount in controversy exceeds $5,000,000.00 as follows:

| | | |
|---|---|---|
| A. | Meal Period Claim: | **$2,380,000.00** |
| B. | Rest Period Claim: | **$2,380,000.00** |
| C. | Waiting Time Penalties Claim: | **$1,852,200.00** |
| D. | Attorneys' Fees: | **$1,653,050.00** |

**TOTAL AMOUNT IN CONTROVERSY:**          **$8,265,250.00**

44.    Thus, although Delta denies Plaintiff's allegations and theories of maximum recovery, denies that Plaintiff or the putative class he purports to represent are entitled to any of the relief for which they have prayed, and expressly reserves all of its defenses, based on Plaintiff's allegations, the amount in controversy on ***only***

*three* of Plaintiff's claims for damages is at least **$8,265,250**.  In addition, Plaintiff seeks recovery for himself and all putative class members for further causes of action, including minimum wages and overtime pay.  Each of these claims, if added to the aggregate potential damages, further increases the amount in controversy and thus exceeds the $5,000,000 threshold set forth under 28 U.SC. §1332(d)(2).

45.    Therefore, Plaintiff's Complaint satisfies the amount in controversy requirement of CAFA.

## IV.    THE OTHER PREREQUISITES FOR REMOVAL HAVE BEEN SATISFIED.

46.    As set forth above, this Notice of Removal is filed within thirty days of service of process on Delta and all process, pleadings, and orders that have been served (or purportedly served) on Delta in this action are attached hereto in **Exhibits 1-5**.

47.    Venue lies in the Central District of California pursuant to 28 U.S.C. § 1441(a), 1446(a) and 84(c).  This action was originally brought in the Superior Court of the State of California, County of Los Angeles, and arises in part out of Plaintiff's employment there.  Therefore, this is the appropriate Court for removal.

48.    As required by 28 U.S.C. § 1446(d), Delta will promptly serve Plaintiff with this Notice of Removal and will promptly file a copy of this Notice of Removal with the Superior Court of the State of California, County of Los Angeles.

49.    Delta is informed and believes and on that basis alleges that none of the fictitiously-named defendants have been identified by Plaintiff or served with the Summons and Complaint.

50.    Delta has sought no similar relief.

51.    If any question arises as to the propriety of the removal of this action, Delta requests the opportunity to present a brief and oral argument in support of its position that this case is removable.

52.    By this Notice of Removal and the exhibits attached hereto and the

Morgan, Lewis &
Bockius LLP
Attorneys at Law
Silicon Valley

16

DELTA'S NOTICE OF REMOVAL OF
ACTION TO FEDERAL COURT

1  documents filed concurrently herewith, Delta does not intend to make any

2  admissions of fact, law or liability relating to the claims in the Complaint, and it

3  expressly reserves the right to make any and all defenses and motions necessary in

4  its defense against Plaintiff's allegations.

5  **V.    CONCLUSION**

6      53.    Pursuant to these statutes and in accordance with the procedures set

7  forth in 28 U.S.C. § 1446, Delta prays that the above-captioned action pending in

8  the Superior Court of the State of California, County of Los Angeles, be removed

9  therefrom to the United States District Court for the Central District of California.

10

11  Dated:  May 30, 2025                    MORGAN, LEWIS & BOCKIUS LLP

12

13                                          By _____ */s/ Andrew P. Frederick* _____
                                                    Andrew P. Frederick
14                                                  Nicole L. Antonopoulos

15                                          Attorneys for Defendant
                                            DELTA AIR LINES, INC.

16

17

18

19

20

21

22

23

24

25

26

27

28